# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACKIE F. YATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1174-LPS |
| | : | |
| DELAWARE PSYCHIATRIC CENTER, | : | |
| | : | |
| Defendant. | : | |

---

Jackie F. Yates, Dover, Delaware, Pro Se Plaintiff.

Kenisha L. Ringgold, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Delaware Health and Human Services.

## MEMORANDUM OPINION

March 22, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Jackie F. Yates ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5,

alleging employment discrimination.  (D.I. 2)  She proceeds *pro se* and was granted leave to proceed

*in forma pauperis.*  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Presently before the

Court is Defendant's motion to dismiss and Plaintiff's opposition thereto.  (D.I. 15, 17)

## II.   BACKGROUND

The complaint alleges discriminatory acts of workplace harassment, suspension, and

retaliation based upon national origin, occurring on September 17, 2012.  (*See* D.I. 2)  Plaintiff

received a final determination and right to sue notice on June 6, 2013.  (*Id.*)  She commenced this

action on July 1, 2013.  Delaware Psychiatric Center ("DPC") is the named defendant.  The Court

takes notice that the right to sue notice is captioned Jackie Yates vs. State of

DE/DHSS/DSAMH/DPC.  (*Id.* at Ex.)  Plaintiff seeks compensatory damages and requests

counsel.[1]

## III.   MOTION TO DISMISS

Defendant's motion to dismiss states that the DPC is not a legal entity subject to suit.  The

motion to dismiss is filed to the extent that the complaint can be construed as against Delaware

Health and Human Services ("DHSS").  (D.I. 15)  Plaintiff proceeds *pro se* and, therefore, the Court

liberally construes the complaint as against DHSS, given that the DPC is operated by the DHSS.  *See*

*Stoppel v. Henry*, 2011 WL 55911, at *1 (Del. Super. Cr. Jan. 4, 2011).  In addition, the defendant

named in the charge of discrimination is the combined entity of the State of

---

[1]To the extent that Plaintiff requests counsel, the Court will address the issue upon the filing
of an appropriate motion.

1

DE/DHSS/DSAMH/DPC. The Clerk of Court will be directed to reflect on the Court docket that the named Defendant is Delaware Psychiatric Center/Delaware Health and Social Services. Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3), (4), (5), and (6) and Fed. R. Civ. P. 4(j) and (m), on the grounds that: (1) it was not properly served; (2) it was not timely served; (3) the claim is time-barred; and (4) the complaint fails to comply with Fed. R. Civ. P. 8.

### A.    Legal Standards

#### 1.    Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss for improper venue. When venue is improper, a district court must dismiss the action or, if in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). The party moving for dismissal based on improper venue "has the burden of proving the affirmative defense." *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). When considering a motion to dismiss for improper venue, the court must generally accept as true the allegations in the pleadings and must view the facts in the light most favorable to the nonmoving party. *See Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

#### 2.    Rule 12(b)(4) and Rule 12(b)(5)

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). At the time the complaint here was filed, Rule 4(m) imposed a 120-day time

limit for perfection of service following the filing of a complaint.[2]   If service is not completed

within that time, the action is subject to dismissal without prejudice. *See id.; see also MCI Telecomms.*

*Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir. 1995).

### 3.      Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the

Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis,* 372 F.3d 218,

223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.,*

114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant

such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as

true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio

v. Aetna, Inc.,* 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft

v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). A plaintiff must plead

facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby,* __U.S.__,

135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the

legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief

above the speculative level on the assumption that the allegations in the complaint are true (even if

doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly,* 550

U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the

---

[2]At the time this action was filed, service was to be commenced within 120 days after the
filing of the complaint. *See* Fed. R. Civ. P. 4(m). A subsequent amendment, effective December 1,
2015, reduced the presumptive time for serving a defendant from 120 days to 90 days.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  At bottom, "[t]he complaint must state enough facts to raise a reasonable

expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.

*Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation

marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*,

132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and

unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405,

417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d

Cir. 1996).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B.     Service**

Defendant seeks dismissal, arguing that there was neither timely nor proper service.  Plaintiff

opposes.

The record reflects that when personally serving the DPC, the United States Marshals

Service ("USMS") was told by the DPC that "all civil process [is] to be served at the DE State

Attorney General's office." (D.I. 7)  On behalf of the Attorney General of the State of Delaware,

Deputy State Solicitor Jim Adams ("Adams") was personally served on August 28, 2013 and, on

behalf of DPC, Adams was personally served on December 9, 2013. (*See* D.I. 8, 10)

Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

> (j)(2) State or Local Government.  A state, a municipal corporation,
> or any other state-created governmental organization that is subject
> to suit must be served by: (A) delivering a copy of the summons and
> of the complaint to its chief executive officer; or (B) serving a copy

of each in the manner prescribed by that state's law for serving a
summons or like process on such a defendant.

(m) Time Limit for Service. If a defendant is not served within 120
days after the complaint is filed, the court – on motion or on its own
after notice to the plaintiff – must dismiss the action without
prejudice against that defendant or order that service be made within
a specified time. But if the plaintiff shows good cause for the failure,
the court must extend the time for service for an appropriate period .

"Upon determining that process has not been properly served on a defendant, district courts

possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to

simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The court

must grant an extension if good cause is present. *See Daniels v. Correctional Med. Services, Inc.*, 380 F.

Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)). However, even if the court finds

ineffective service of process without good cause, it may allow the plaintiff another opportunity to

attempt service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). A

determination of good cause relies on three factors: (1) whether the plaintiff has reasonably

attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service;

and (3) whether the plaintiff moved for an extension of time for effective service. *See United States v.

Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988).

Delaware courts require service under both Del. Super. Ct. R. 4(f)(1)(IV) (State equivalent to

Fed. R. Civ. P. 4(j)) and 10 Del. C. § 3103, which requires personal service. *See Miller v. State Dep't of

Public Safety*, 2009 WL 1900394, at *4 (Del. Super. Ct. June 16, 2009). Section § 3103(c) provides

that:

No service of summons upon the State, or upon any administrative
office, agency, department, board or commission of the state
government, or upon any officer of the state government concerning
any matter arising in connection with the exercise of his or her
official powers or duties, shall be complete until such service is made
upon the person of the Attorney General or upon the person of the

State Solicitor or upon the person of the Chief Deputy Attorney General.
10 Del. C. § 3103(c).

Defendant contends that under Fed. R. Civ. P. 4(j)(2)(A) proper service requires that
Plaintiff serve the Cabinet Secretary or the chief executive officer of DHSS a well as the Attorney
General, State Solicitor, or Chief Deputy Attorney General. The issue before the Court is whether
service was achieved as is required and, if not, whether Plaintiff has shown that her failure to serve
can be excused for good cause.

It is undisputed that Plaintiff served one of the three heads of the Department of Justice, as
required by 10 Del C. § 3103(c), when Adams was served on August 28, 2013. With regard to DPC,
on behalf of Plaintiff, the USMS attempted to serve the DPC with a summons issued to the DPC in
c/o of the DHSS campus located at 1901 N. DuPont Highway in New Castle, Delaware, the same
address for the DHSS. (*See* D.I. 8 ("Plaintiff shall request Clerk to issues summons for Delaware
Psychiatric Center, c/o Delaware Health and Social Services."); D.I. 10 (summons issued to
Delaware Psychiatric Center, c/o Delaware Health and Social Services)) While it is clear that the
DHSS Secretary was not handed a copy of the summons and complaint, the USMS was advised to
serve process for Defendant at the Office of the Attorney General of the State of Delaware and
Adams accepted service on behalf of the DPC c/o DHSS. Given these facts, the Court finds that
service was properly effected and, therefore, will deny the motion to dismiss in this regard.[3]

To the extent Defendant was not timely served as required by Fed. R. Civ. P. 4(m), Plaintiff
as an indigent representing herself "is entitled to rely on the Marshal to achieve service of process."
*Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. May 15, 2013) (quoting *Sellers v. United States*,
902 F.2d 598, 602 (7th Cir. 1990); *see also* 28 U.S.C. § 1915(d) (where plaintiff proceeds *in forma
pauperis*, "officers of the court shall issue and serve all process, and perform all duties in such

---

[3]The Court will not address Defendant's argument that the complaint is time-barred on the
grounds that Plaintiff never served the DHSS with summons and complaint. (*See* D.I. 15 at ¶ 10)
As discussed above, the Court concludes that DPC/DHSS was properly served. In addition,
Plaintiff commenced this action within one month of her receipt of the Right to Sue Notice.

cases")). Plaintiff commenced this action in July 2013, the Court's initial service order was entered on August 20, 2013, and by December 10, 2013 service was complete. (*See* D.I. 5, 6, 10) Plaintiff complied with all service orders in a timely manner and the USMS ultimately effected service. Given Plaintiff's *pro se* and indigent status, the Court does not consider the commencement date of the action but, rather, the date the service order was entered. In the instant matter, service took place in under 120 days from the time the initial service order was entered.

In light of the foregoing, the Court will deny Defendant's this portion of the motion to dismiss.

### C.    Pleading Requirements

Finally, Defendant argues that the Complaint must be dismissed for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and 12(b)(6), as it is vague, conclusory, and fails to provide descriptions of the alleged wrongful conduct. Paragraph 12 of Plaintiff's Complaint states that a copy of the charges filed with the Equal Employment Opportunity Commission ("EEOC") is attached to the Complaint and is submitted as a brief statement of the facts of Plaintiff's claim.[4] (*See* D.I. 2 at ¶ 12) The charge of discrimination was not attached to the Complaint. As it now stands, the Complaint lacks sufficient detail for Defendant to properly answer. Therefore, the Court will grant this portion of the motion to dismiss, but will give Plaintiff leave to amend.

## IV.    CONCLUSION

For the above reasons, the Court will grant in part and deny in part the motion to dismiss filed by DHSS. (D.I. 8) Plaintiff will be given leave to amend the Complaint. Finally, the Clerk of

---

[4]Plaintiff attached a copy of the charge to her opposition to the motion to dismiss. (D.I. 17 at Charge of Discrimination) Her opposition, however, does not cure the pleading deficiencies. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) (it is improper to use an opposition to a motion to dismiss to amend a complaint).

7

Court will be directed to reflect on the Court docket that the Defendant is more properly named as Delaware Psychiatric Center/Delaware Department of Health and Social Services.

An appropriate Order will be entered.