# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE F. YATES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1174-LPS |
| DELAWARE PSYCHIATRIC CENTER/ DELAWARE DEPARTMENT OF HEALTH AND SOCIAL SERVICES, | : |
| Defendant. | : |

Jackie F. Yates, Dover, Delaware, Pro Se Plaintiff.

Kenisha L. Ringgold, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

September 11, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jackie F. Yates ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2) She proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. (D.I. 25)

## II. BACKGROUND

Plaintiff was employed by the Delaware Psychiatric Center ("DPC") from January 2009 to August 30, 2012 as a certified nursing assistant. The Complaint alleges discriminatory acts of workplace harassment, suspension, and retaliation based upon national origin (African American) occurred on September 17, 2012. (*See* D.I. 2) The original complaint was dismissed upon Defendant's motion, and Plaintiff was given leave to amend. (*See* D.I. 18, 19).

Plaintiff filed an Amended Complaint on April 21, 2017, and it alleges that she was dismissed from her position without due process. (D.I. 20) Attached to the amended complaint is Plaintiff's Charge of Discrimination, dated November 19, 2012. (*Id.* at 3) The Charge alleges discrimination based upon national origin and retaliation occurring from August 2, 2012 until August 30, 2012. (*Id.*) It claims that Plaintiff was harassed, suspended, and discharged due to her age and due to retaliation. (*Id.*) The charge refers to a June 1, 2012 incident when Plaintiff's supervisor refused to allow her to leave to pick up her child. (*Id.*) It alleges that Plaintiff was once called an "African monkey." (*Id.*) It alleges that beginning August 2, 2012, Plaintiff received threatening/harassing text messages regarding one of her patients and that the patient was a convicted criminal and would hurt Plaintiff's children if Plaintiff continued in a relationship with the

2

patient. (*Id.*) Plaintiff was interviewed by her employer's investigator on August 8, 2012 regarding her relationship with the patient. (*Id.*) She was suspended on August 10, 2012, and dismissed on August 30, 2012 for violations of RI 35 – inappropriate relationship with a patient. (*Id.*) Plaintiff states that she was unaware of the rule and did not receive any oral or written warnings prior to her suspension and discharge. (*Id.*)

The Amended Complaint contains a September 17, 2012 letter to Plaintiff from Delaware Health and Social Services describing the events that led to Plaintiff's termination. (*Id.* at 10) On August 10, 2012, Plaintiff was suspended for allegedly being involved in an inappropriate, personal relationship with a client residing in the DPC. (*Id.*) Investigation confirmed Plaintiff's inappropriate relationship with the client and revealed eight letters written by Plaintiff to the client and two money orders Plaintiff purchased and supplied to the client. (*Id.*) In addition, Plaintiff admitted to an "emotional relationship" with the client. (*Id.*) On August 30, 2012, Plaintiff was advised by letter that the DPC was recommending her dismissal for violation of DPC Policy RI 35, which reads in part that "staff do not participate in any behavior with patients that would be considered common to personal relationships." (*Id.*) Plaintiff did not request a pre-termination meeting to respond to the employment actions. (*Id.*) The September 17, 2012 letter advised Plaintiff she was being dismissed for the reasons cited in the August 30, 2012 letter. (*Id.*)

On September 25, 2012 Plaintiff sent a letter to the Department of Labor regarding her dismissal; she also seems to have provided what appears to be a transcript of messages sent to Plaintiff by an unknown person. (*Id.* at 4-8) On November 12, 2012, the State of Delaware Department of Labor Division of Unemployment Insurance found that Plaintiff was discharged with just cause for violation of DPC rules when she engaged in a relationship with a patient that was

3

deemed inappropriate. (*Id.* at 2) The Amended Complaint does not contain a prayer for relief, although Plaintiff sought compensatory damages in the original complaint.

On April 23, 2018, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). (D.I. 25) When Plaintiff did not respond to the motion, the Court entered a briefing schedule, requiring Plaintiff to respond to the motion on or before July 30, 2018. (D.I. 26) Plaintiff never filed a response to the motion.

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if

4

doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant argues the complaint must be dismissed for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and 12(b)(6) as it consists of bald assertions and legal conclusions that fail to support her claims and any entitlement to relief. Defendant argues that Plaintiff's claims fail to specify or note any discrimination or retaliation based upon Plaintiff's national origin. It further argues that Plaintiff has failed to allege facts to show any comparator was treated more favorably than she. Finally, Defendant argues that the Amended Complaint does not allege facts of discrimination based upon age or national origin.

### A. Hostile Work Environment

The amended complaint does not contain facts to satisfy the elements of a hostile work environment claim. Title VII prohibits employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). To establish a prima facie case of a hostile work environment based on racial harassment, Plaintiff must prove: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would negatively affect a reasonable person; and (5) respondeat superior liability exists. *See Jensen v. Potter*, 435 F.3d 444, 449 & n.3 (3d Cir. 2006); *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017).

"Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion]'" based on plaintiff's membership in a protected class, including race. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Hence, "[v]erbal and physical harassment, no matter how unpleasant and ill-willed, is simply not prohibited by Title VII if not motivated by the plaintiff's [race]." *Koschoff v. Henderson*, 109 F. Supp. 2d 332, 346 (E.D. Pa. 2000), *aff'd sub nom. Koschoff v. Runyon*, 35 F. App'x 357 (3d Cir. 2002) (table). In addition, for harassment to be cognizable, it must be "'sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 753 (3d Cir. 1999) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

The Court first considers whether the behavior Plaintiff complains of is the sort of conduct courts have found to constitute hostile work environment racial harassment. *See Kokinchak v. Postmaster Gen. of the U.S.*, 677 F. App'x 764, 767 (3d Cir. Feb. 3, 2017). "In assessing whether conduct is severe or pervasive, courts consider the totality of the circumstances, including the

6

'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance.'" *Id.* (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)). In considering the totality of the circumstances, the Court filters out "simple teasing, offhand comments, and isolated incidents." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).

Here, the Charge of Discrimination complains of one incident when Plaintiff was called an "African monkey." The Charge does not identify who made the statement, or when or where the statement was made. This one event, involving an unnamed person who is not described as a co-worker, on an unknown date, does not rise to the level of severity or pervasiveness to state a cognizable claim of harassment. Therefore, the Court will dismiss the claim.

### B. Race/National Origin Discrimination

Plaintiff seems to allege discrimination on the basis of race/national origin occurred when she was first suspended, followed by termination of her employment. In the body of the Charge of Discrimination, Plaintiff also states that she was suspended and discharged due to her age, but age is not referred to in the original complaint, and it is not listed as one of the categories of discrimination upon which the charge of discrimination is based.

To state claim under Title VII, a plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly situated persons who were not members of her protected class were treated more favorably or there are other circumstances that give rise to an inference of intentional discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008); *Jackson v. University of Pittsburgh*, 826 F.2d 230, 233 (3d Cir. 1987). A plaintiff need not convince the court of any of these elements at the motion to dismiss

stage but must submit more than naked assertion that she suffered an adverse employment action because of membership in a protected class. *See Santos v. Iron Mountain Film & Sounds*, 593 F. App'x 117, 119 (3d Cir. Nov. 25, 2014).

The race/national origin discrimination claim, as pled, fails to state a claim upon which relief may be granted. At most, Plaintiff alleges that she was suspended, and her employment terminated. However, there are no allegations that remotely suggest the adverse employment actions were a based upon race/national origin discrimination. Nor do the allegations suggest age discrimination, to the extent that is what Plaintiff claims. The attachments to the Amended Complaint indicate that the adverse employment actions were a result of Plaintiff's violation of work rules for her alleged inappropriate relationship with a client. Plaintiff has not pled the elements of a race/national origin discrimination case and, therefore, the claim will be dismissed.

### C. Retaliation

Finally, the Charge of Discrimination claims retaliation. Title VII prohibits an employer from discriminating against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a retaliation claim under Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007).

The elements of a retaliation claim are not alleged. Most notably, there are no allegations that Plaintiff engaged in protected activity. The amended complaint fails to state a Title VII retaliation claim. Therefore, the Court will dismiss this claim.

D.  **Futility of Amendment**

Plaintiff was provided an opportunity to amend to cure her pleading defects, yet she failed to do so. In addition, it is evident from the exhibits and facts as alleged by Plaintiff that amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). The Court further observes that Plaintiff has taken no action since November 21, 2017 and filed no opposition to Defendant's motion to dismiss.

V.  **CONCLUSION**

For the above reasons, the Court will grant the motion to dismiss. (D.I. 25) The Court finds amendment futile.

An appropriate Order will be entered.

9